FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 MAR -2 P 3:30

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA DEL SOCORRO PARA TELLEZ, ET AL | * | CIVIL ACTION |
| VERSUS | * | NO. 00-67 |
| TRINITY SHIP MANAGEMENT, S.A., ET AL | * | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' Motion to Dismiss. For the reasons that follow, the motion is GRANTED.

Background

On October 17, 1999, Oscar Manuel Tellez Perez signed a Memorandum of Understanding and Undertaking-Declaration and began working aboard the M/V Chios Sea as a welder. Section 15 of the Memorandum of Understanding states that "[i]t is mutually agreed that all disputes arising from this contract including illness and injury claims will be determined by the Piraeus Courts Greece, in accordance with the existing Greek law." Section 6 of Undertaking-Declaration states that "any and all disputes arising from the Contract of Employment I have signed shall be determined by the

DATE OF ENTRY  MAR 3 2000

Piraeus Courts Greece, in accordance with the existing Greek law."

On November 14, 1999, a sheet of steel pinned Tellez against a bulkhead and killed him. It is disputed as to who owned and operated the Chios Sea at the time of Tellez's death. It is disputed as to whether Sunrise Shipping Agency, Inc., a Louisiana corporation, was only serving as a local husbanding agent of the Chios Sea and recruited the decedent. The plaintiff, as personal representative of the decedent, filed suit contending that "the M/V CHIOS SEA was unseaworthy as a result of an inadequate and insufficient crew of the M/V CHIOS SEA and the negligence of her owners/operators/master were the direct and proximate cause of his injury and death."

### A. Forum Selection Clause

"Forum-selection clauses are presumptively valid[.]" Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 301 (5th Cir. 1998). "The presumption of validity may be overcome, however, by a showing that the clause is 'unreasonable under the circumstances.'" Mitsui & Co.(USA), Inc. v. Mira M/V, 111 F.3d 33 (5th Cir. 1997)(quoting M/S Bremen v. Zapata Off-Shore Company, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913 (1972)). Personal representatives of a deceased party to an employment contract are bound by its forum selection clause. See Callais v. B.S.L. Cruises, Inc., 1992 WL 162938 (S.D.N.Y.) (enforcing forum selection clause in a passenger contract issued to

decedent passenger as to her son who filed suit); <u>Barcelona v. Sea Victory Maritime, Inc.</u>, 619 So.2d 741 (La.App.4th Cir. 1993) (enforcing forum selection clause in employment contract as to the parents of the deceased seaman who alleged wrongful death, damages under the Jones Act, the Death on the High Seas Act, and the general maritime law doctrine of unseaworthiness.)  Furthermore, nothing about forum selection clauses "justifies limiting their application to contract claims."  <u>Marinechance Shipping, Ltd. v. Sebastian</u>, 143 F.3d 216, 222-3 (5th Cir. 1998).

Section 15 of the Memorandum of Agreement, immediately above the signatures of Captain Livanos Stylianos of the Chios Sea and the decedent, states that "[i]t is mutually agreed that all disputes arising from this contract including illness and injury claims will be determined by the Piraeus Courts Greece, in accordance with the existing Greek Law."  Section 6 of Undertaking-Declaration states that "any and all disputes arising from the Contract of Employment I have signed shall be determined by the Piraeus Courts Greece, in accordance with the existing Greek law."

Although the plaintiff was not a party to the employment contract, the forum selection clause is binding as to her.[1]  The

---

[1] The plaintiff mistakenly cites <u>Fisher v. Agios Nicolaos V</u>, 628 F.2d 308 (5th Cir. 1980).  <u>Fisher</u> was overruled by <u>In re Air Crash Disaster Near New Orleans</u>, 821 F.2d 1147 (5th Cir. 1987), <u>cert. granted, judgement vacated by Pan American World Airways,</u>

3

plaintiff has not shown that enforcement of the forum selection clause would be unreasonable under the circumstances.

For the foregoing reasons, the defendants' Motion to Dismiss is GRANTED.

New Orleans, Louisiana, March 2, 2000.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

Inc. v. Lopez, 490 U.S. 1032, 109 S.Ct. 1928 (1989), on remand to In re Air Crash Disaster Near New Orleans, 883 F.2d 17 (5th Cir. 1989).