


MINUTE ENTRY
FELDMAN, J.
April 12, 2000

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARIA DEL SOCORRO PARRA TELLEZ | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0067 |
| TRINITY SHIP MANAGEMENT, S.A., ET AL. | * | SECTION "F" (2) |

Before the Court is the plaintiff's Motion For a New Trial contesting the Court's order dated March 2, 2000 granting the defendants' motion for summary judgment. Because there was no trial in this case, the Court will treat the plaintiff's motion as a motion for reconsideration. For the reasons that follow, the motion is denied.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Rule 60(b) motion for relief from

DATE OF ENTRY
APR 1 4 2000

1



judgment. <u>Lavespere v. Niagara Machine & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990).

Because the present motion was filed within ten days of entry of judgment, the Court treats it as a motion to alter or amend under Federal Rule of Civil Procedure 59(e). The Court exercises considerable discretion in deciding such a motion, balancing "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." <u>Edward H. Bohlin Co., Inc. v. Banning Co., Inc.</u>, 6 F.3d 350, 355 (5th Cir. 1993). A motion to amend may only be granted if the moving party "shows there was a mistake of law or fact or presents newly-discovered evidence that could not have been discovered previously." <u>Deutsch v. Burlington Northern R. Co.</u>, 983 F.2d 741, 744 (7th Cir. 1993).

The plaintiff contends that the two cases cited by the Court do not "address the issue of the application of the [forum selection] clauses to the plaintiff who was not a party to the contract of employment." In <u>Callais v. B.S.L.Cruises, Inc.</u>, 1992 WL 162938 (S.D.N.Y.), the plaintiff was the son of the decedent passenger of a cruise ship. Contrary to the plaintiff's contentions, the <u>Callais</u> court stated that the "issue is whether the forum selection clause in the passenger contract issued to Ada Callais requires plaintiff to litigate in New York." <u>Id.</u> The court found that it did. In <u>Barcelona v. Sea Victory</u>

Maritime, Inc., 619 So.2d 741 (La.App.4th Cir. 1993), the parents of a deceased seaman sought to set aside a settlement and claimed damages in court. Id. at 742. The Barcelona court, finding that the claims (of twelve other seamen and the parents) were grounded in the employment contract, stated that "the sole question is whether the forum selection clause of the [employment] contract is controlling." Id. Noting that the forum selection clause appeared plainly above the seamen's signatures in the employment contract, the court found that the forum selection clause was controlling as to all plaintiffs, including the parents of the decedent who were not parties to the employment contract. Id. at 745. Therefore, the Court finds that there is no mistake of law in enforcing the forum selection clause.

The plaintiff also states that it has newly discovered that the defendants are based and operate from the Port of New Orleans. Therefore, the plaintiff contends that there is no logical justification to enforce the forum selection clause, which requires adjudication in Greece. Furthermore, the plaintiff questions whether a Greek court would have jurisdiction over this action since there is little relationship with Greece.

The Court finds that the plaintiff has not sufficiently

shown that the newly discovered evidence was previously unavailable.

Accordingly,

IT IS ORDERED that the plaintiff's Motion for New Trial is DENIED.